IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TYRONE CAMPBELL, #1747650 | § | |
| v. | § | CIVIL ACTION NO. 6:14cv750 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Tyrone Campbell, proceeding *pro se* and *in forma pauperis*, filed this application for the writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Campbell is serving a sentence of fourteen years' imprisonment for one count of engaging in organized criminal activity. While the facts underlying his conviction were thoroughly fleshed out in the Magistrate Judge's Report, the record and analysis of Campbell's direct appeal indicate that, after law enforcement received reports from Campbell's neighbors about him possibly selling drugs from his home, law enforcement observed him "stop, have brief conversation with an unidentified individual on the street, and drive away."

Law enforcement then followed and observed Campbell commit a traffic violation. As an officer approached the vehicle, he noticed both Campbell and his passenger either reach for an item or reach to put an item away, which lead the officer to believe that they may have hidden narcotics inside the car and prompted him to call for assistance. The second officer on the scene

1

made contact with the passenger, who remarked that he was "buying some time" by speaking with the passenger. Once the K-9 officer arrived, the canine "alerted" the officers to something in the vehicle, indicating the presence of drugs. Officers discovered a "usable" amount of marijuana inside the vehicle and arrested both Campbell and his passenger. *See Campbell v. State*, No. 12-11-00324-CR, 2012 WL 3201923, (Tex.App.—Tyler 2012, pet. ref'd) (mem. op., not designated for publication).

## II. Campbell's Federal Habeas Claims

In his petition, Campbell maintained that: (1) his conviction was obtained through an unconstitutional search and seizure; (2) his conviction is a result of racial profiling; (3) the trial court erred in denying his motion to suppress; and (4) the evidence was insufficient to prove that he violated his probation by associating with a convicted felon. He also asserted that counsel was ineffective for failing to argue that the traffic stop was pretextual and for failing to seek mitigation under a different judge or a reinstatement of probation.

After a review of the pleadings and the state court record, the Magistrate Judge issued a Report recommending that Campbell's petition for habeas corpus be denied with prejudice. (Dkt. #26). Campbell has filed timely objections. (Dkt. #28).

## III. Standard of Review

*1. Federal Habeas Review*

The role of federal courts in reviewing habeas corpus petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We

first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Furthermore, federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under the AEDPA, which imposed a number of habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas corpus relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201-02 (5th Cir. 2016) ("Federal habeas review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the high deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

*2. Ineffective Assistance of Counsel*

To show that trial counsel was ineffective, Campbell must demonstrate both deficient performance and ensuing prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984). In evaluating whether an attorney's conduct was deficient, the question becomes whether the attorney's conduct fell below an objective standard of reasonableness based on "prevailing norms of practice." *See Loden v. McCarty*, 778 F.3d 484, 494 (5th Cir. 2016). The right to effective counsel does not guarantee error-free or perfect counsel. *See U.S. v. Freeman*, 818 F.3d 175, 178 (5th Cir. 2016).

Moreover, to establish prejudice, the petitioner must show that there is a reasonable probability that—absent counsel's deficient performance—the outcome or result of the proceedings would have been different. *Id.*; *see also Reed v. Stephens*, 739 F.3d 753, 773 (5th Cir. 2014) (quoting *Strickland*, 466 U.S. at 687)). It is well-settled that a "reasonable probability" is one that is sufficient to undermine confidence in the outcome of the proceedings. *Strickland*, 466 U.S. at 694. Importantly, the petitioner alleging ineffective assistance must show both deficient performance and prejudice. *See Charles v. Stephens*, 736 F.3d 380, 388 (5th Cir. 2013) ("A failure to establish either element is fatal to a petitioner's claim.") (internal citation omitted). Given the already highly deferential standard under the AEDPA, establishing a state court's application whether counsel was ineffective "is all the more difficult." *Harrington v. Richter*, 562 U.S. 86, 105 (2011); *see also Charles v. Stephens*, 736 F.3d 380, 389 (5th Cir. 2013) ("Both the *Strickland* standard and the AEDPA standard are highly deferential, and when the two apply in tandem, review is doubly so.") (internal quotations and citation omitted).

## IV. Campbell's Objections and Discussion

### A. *Fourth Amendment Claims*

In his first, third, and fifth claims, Campbell argued that his conviction stemmed from an unconstitutional search and seizure. Specifically, he contended that law enforcement conducted an unnecessarily lengthy traffic stop, which was pretextual based on racial profiling, and the trial court should have granted his motion to suppress. The Magistrate Judge found that these claims were not cognizable in his federal petition because Campbell was afforded an opportunity "for a full and fair litigation" of his Fourth Amendment claims under *Stone v. Powell*, 428 U.S. 465, 494 (1976). Campbell now objects, claiming that counsel's ineffectiveness constitutes his failure to raise these claims previously and that he did not have a fair and full opportunity to litigate those claims.

The Magistrate Judge properly found that Campbell's Fourth Amendment claims were not cognizable under § 2254. It is well-settled that when a defendant is provided an opportunity for a full and fair litigation of a Fourth Amendment claim in state court, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained through an unconstitutional search or seizure was then introduced at trial. *See Stone*, 428 U.S. at 494; *see also Bell v. Lynaugh*, 828 F.2d 1085, 1091-92 (5th Cir.), *cert. denied*, 484 U.S. 933 (1987) ("We need not spend much time addressing appellant's Fourth Amendment concerns, for appellant does not allege, nor does our independent review of the record indicate, that appellate did not have a full and fair opportunity to litigate his Fourth Amendment claim in state court."). As the Report stated, crucially, mere opportunity—even if not acted upon by the state court—is all that is required to preclude federal habeas review. *See Smith v. Maggio*, 664 F.2d 109, 111 (5th Cir. 1981); *see also Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006) (explaining that even "errors adjudicating Fourth Amendment

claims are not an exception to *Stone's* bar.").  However, federal review is not precluded if the facts and proof suggest that the state's process is "routinely or systematically applied in such a way as to prevent the actual litigation of Fourth Amendment claims on their merits."  *Id.* (quoting *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980)).

Campbell's objection is meritless.  While he contends that he was not provided an opportunity for full and fair litigation of his Fourth Amendment issues, he fails to elaborate. Moreover, as the Report found, the record shows that Campbell had an opportunity to litigate his Fourth Amendment claims—especially given how he actually litigated a motion to suppress before trial.  Accordingly, because Campbell certainly had the opportunity and failed to demonstrate that the state's process prevented actual litigation of his contentions, his Fourth Amendment claims were not cognizable in his federal habeas petition.

To the extent that Campbell raises claims of ineffective assistance as a means of overcoming this procedural bar, his contention fails because, for reasons explained below, he failed to illustrate that counsel was ineffective.

### B.  Ineffective Assistance Claims

Campbell initially maintained that counsel was ineffective for failing to (1) argue that the traffic stop was pretextual and (2) seek mitigation under a new judge and request reinstatement of probation.  The Magistrate Judge found that his claims were not supported by record and failed to overcome the AEDPA's relitigation bar.  Campbell objects, asserting that the Magistrate Judge should have "given some more attention" to the pretextual stop, particularly given his race and the unnecessarily lengthy stop.  He also highlights the appellate court's comment in its affirmance of Campbell's conviction where the court stated that the officer's comment that was "buying time" by speaking with the passenger was "troubling."  *See Campbell v*, 2012 WL 3201923 at *4.

However, the Magistrate Judge properly found that Campbell cannot meet his burden of proof under the AEDPA. "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Crane v. Johnson*, 178 F.3d 309, 314 (5th Cir. 1999) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)). Moreover, judicial scrutiny of counsel's performance must be highly deferential as to avoid "the distorting effects of hindsight" and second-guessing. *See Loden v. McCarty*, 778 F.3d 484, 494 (5th Cir. 2015) (quoting *Carty v. Thaler*, 583 F.3d 244, 256 (5th Cir. 2009)).

Here, as highlighted in the Report, counsel provided an affidavit explaining his actions and decisions while representing Campbell during his state habeas proceeding. He explained his actions and decisions, highlighting that he did not pursue a challenge to the traffic stop as pretextual because, regardless of the officer's subjective intent, Campbell committed a traffic violation and, thus, law enforcement was permitted to stop him. Moreover, counsel explained that Campbell's argument that counsel should have requested a new judge to "militate" a lower sentence made no sense and, therefore, was not presented at trial. Finally, counsel notes that he did not proffer any arguments related to racial profiling because the facts did not support such a claim. Campbell failed to demonstrate that these decisions were ill-chosen, unreasonable, or prejudicial. *See Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir. 2007) (explaining that counsel cannot be constitutionally ineffective for failing to raise a meritless argument).

Campbell's reliance on the intermediate appellate court's characterization of the officer's remark about "buying time" as troubling is misplaced. "A statement is dictum if it could have been deleted without seriously impairing the analytical foundations of the holding and being peripheral, may not have received the full and careful consideration of the court that uttered it."

*See U.S. v. Segura*, 747 F.3d 323, 328 (5th Cir. 2014). Conversely, a statement is not dictum if the statement is necessary to the result or constitutes an explication of the laws. *Id.* Furthermore, in habeas proceedings, when determining whether a state court decision was contrary to clearly established Supreme Court law, courts examine holdings—rather than mere dicta—of Supreme Court decisions. *See Poree v. Collins*, 866 F.3d 235, 246 (5th Cir. 2017); *Chester v. Thaler*, 666 F.3d 340, 344 (5th Cir. 2011).

Here, the intermediate appellate court's statement—that the officer's remark was troubling—was purely dicta because it could have been deleted without impairing the foundation of the court's affirmance. Specifically, the court stated, "[w]e initially note that [the officer's] remark concerning [the other officer] "buying time" is troubling." *Campbell*, 2012 WL 3201923 at *4. The court did not elaborate and did not mention the remark again in its opinion. Accordingly, given that the remark had no bearing on the remaining opinion, it could have been deleted without changing the analysis and was thus dictum. Campbell's reliance on the statement is therefore misplaced.

### C. Sufficiency of the Evidence

In his final claim, Campbell originally stated that the evidence was insufficient to prove that he violated his probation by associating with a convicted felon. The Magistrate Judge found that the claim was meritless and failed to overcome the AEDPA's relitigation bar because the intermediate court of appeals specifically considered this claim on direct review. Campbell now objects, claiming that "reasonable counsel would have sought to have the probation reinstated" because he had no outstanding warrants and had not violated the law other than the marijuana violation.

The Magistrate Judge is correct. When the state court is presented with a particular federal claim and reaches that claim on the merits, that analysis and decision should be reviewed to determine whether the denial was contrary to or an unreasonable application of federal law. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801, 111 S.Ct. 2590 (1991). Thus, because the Texas intermediate appellate court specifically reviewed and rejected Campbell's insufficiency claim, the question becomes whether that denial was unreasonable or contrary to federal law.

However, as the Report found, the appellate court's finding was reasonable. The evidence was sufficient to find that Campbell violated his probation because—even absent Campbell's associating with a convicted felon—he violated his probation by possessing a usable amount of marijuana. *See Hart v. State*, 264 S.W.3d 364, 367 (Tex.App.—Eastland 2008, pet. ref'd) (explaining that when a trial court finds several violations of community supervision conditions, the appellate court can affirm a probation revocation order if the proof of any single allegation is sufficient).

Campbell does not deny that he possessed marijuana. Rather, he maintains that it was reasonable for counsel to seek probation reinstatement because he had completed 98% of his ten-year probation term and was "taken to jail for a minor drug violation." However, because the decision to revoke probation or community supervision is within the sound discretion of the trial court and he does not dispute the marijuana possession, he cannot demonstrate that the trial court abused its discretion in revoking his probation. Even if Campbell had not associated with a convicted felon, he still violated his probation by possessing marijuana. Accordingly, he cannot demonstrate that the state appellate court's adjudication of this claim was unreasonable.

Furthermore, to the extent that Campbell believes that counsel was ineffective for not arguing for reinstatement on these grounds, he cannot demonstrate that the outcome would have

been different had counsel made the argument because the decision was purely within the trial court's discretion. *See Flournoy v. State*, 589 S.W.2d 705, 708 (Tex.Crim.App. 1979) (explaining that when the State has met its burden of proof and no procedural obstacle is raised, the decision whether to revoke community supervision is within the discretion of the trial court).

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and the Petitioner's objections are without merit. Accordingly, it is

**ORDERED** that the Petitioner's objections, (Dkt. #28), are overruled and the Report of the Magistrate Judge, (Dkt. #26), is **ADOPTED** as the opinion of the District Court. Furthermore, it is

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is also

**ORDERED** that the Petitioner Tyrone Campbell is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**So Ordered and Signed**

**Sep 25, 2017**

_____
  Ron Clark, United States District Judge